**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**SECURITIES AND EXCHANGE COMMISSION,**

**Plaintiff,**

**-against-**

**TERMINUS ENERGY, INC.,**
**DANNY B. PRATTE,**
**JOSEPH L. PITTERA,**
**GEORGE DOUMANIS,**
**EMANUEL PANTELAKIS, and**
**JOSEPH ALBORANO,**

**Defendants,**

**-and-**

**MARIA PANTELAKIS,**

**Relief Defendant.**

**1:17-cv-1117 (WHP)**

## FINAL JUDGMENT AS TO DEFENDANT GEORGE DOUMANIS

The Securities and Exchange Commission having filed a Complaint and Defendant George Doumanis having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment; and Defendant having admitted the facts set forth in the Consent of George Doumanis to Final Judgment and acknowledged that his conduct violated the federal securities laws:

## I.

## SECTION 17(a) OF THE SECURITIES ACT OF 1933

**IT IS HEREBY FURTHER ORDERED AND ADJUDGED** that Defendant is permanently restrained and enjoined from violating Sections 17(a)(1) and (a)(3) of the Securities

Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)(1) and (a)(3)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly, to:

(a) employ any device, scheme, or artifice to defraud; or

(b) engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

by, directly or indirectly (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor; about: (A) any investment in or offering of securities, (B) the prospects for success of any product or company, (C) the use of investor funds, or (D) the misappropriation of investor funds or investment proceeds.

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

**II.**

**SECTION 10(b) OF THE SECURITIES EXCHANGE ACT OF 1934**

**IT IS HEREBY ORDERED AND ADJUDGED** that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rules 10b-5(a) and (c) promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of

interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security, to:

(a) employ any device, scheme, or artifice to defraud; or

(b) engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

by, directly or indirectly (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor; about: (A) any investment in or offering of securities, (B) the prospects for success of any product or company, (C) the use of investor funds, or (D) the misappropriation of investor funds or investment proceeds.

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

**III.**

**SECTION 15(b)(6)(B)(i) OF THE EXCHANGE ACT**

**IT IS HEREBY FURTHER ORDERED AND ADJUDGED** that Defendant is permanently restrained and enjoined from violating Section 15(b)(6)(B)(i) of the Exchange Act, [15 U.S.C. § 78o(b)(6)(B)(i)], by willfully participating, without the consent of the Commission, in an offering of penny stock in contravention of a Commission order.

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of

Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

**IV.**

**AIDING AND ABETTING SECTION 15(a)(1) OF THE EXCHANGE ACT**

**IT IS HEREBY FURTHER ORDERED AND ADJUDGED** that Defendant is permanently restrained and enjoined from aiding and abetting any violation of Section 15(a)(1) of the Exchange Act [15 U.S.C. § 78o(a)(l)], by knowingly providing substantial assistance to any person or entity who effects transactions in or induces or attempts to induce the purchase or sale of securities when that person or entity is not registered with the Commission as a broker or dealer or associated with an entity registered with the Commission as a broker-dealer.

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

**V.**

**PENNY STOCK BAR**

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is barred, pursuant to Section 20(g) of the Securities Act and Section 21(d)(6) of the Exchange Act, from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce

the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1].

**VI.**

**OFFICER AND DIRECTOR BAR**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is barred, pursuant to Section 20(e) of the Securities Act and Section 21(d)(2) of the Exchange Act, from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

**VII.**

**COMPLIANCE WITH PRIOR COMMISSION ORDER**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** pursuant to Section 21(e)(1) of the Exchange Act, [15 U.S.C. § 78u(e)(1)], that the Defendant shall comply with the Order issued by the Commission *In the Matter of David Rich et al.*, Exchange Act Release No. 51744, Admin. Proc. No. 3-11939 (June 2, 2005), barring him from participating in any penny stock offering.

**VIII.**

**CONDUCT-BASED INJUNCTION**

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendant is permanently restrained and enjoined from, directly or indirectly, including through any entity he controls: (i) participating in the issuance, purchase, offer, or sale of any security, or (ii) engaging in activities for purposes of inducing or attempting to induce the purchase or sale of any security; provided

however that such injunction shall not prevent him from purchasing or selling securities listed on a national securities exchange for his own personal account.

**IX.**

**DISGORGEMENT AND PREJUDGMENT INTEREST**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is liable for disgorgement of $10,279, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $2,450.47, but the total of such disgorgement and prejudgment interest, $13,179.47, shall be deemed satisfied by the entry of the $573,201 forfeiture order entered on November 16, 2018, in *United States v. George Doumanis, et al.*, Crim. No. 17-CR-00087-ALC (S.D.NY).

**X.**

**INCORPORATION OF CONSENT**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consent of George Doumanis to Final Judgment is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

**XI.**

**BANKRUPTCY NON-DISCHARGEABILITY**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement

entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

**XII.**

**RETENTION OF JURISDICTION**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

**XIII.**

**RULE 54(b) CERTIFICATION**

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: April 11, 2019

SO ORDERED:

WILLIAM H. PAULEY III
U.S.D.J.