UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

**SECURITIES AND EXCHANGE COMMISSION,**

                            **Plaintiff,**

-against-

**TERMINUS ENERGY, INC.,
DANNY B. PRATTE,
JOSEPH L. PITTERA,
GEORGE DOUMANIS,
EMANUEL PANTELAKIS, and
JOSEPH ALBORANO,**

                            **Defendants,**

-and-

**MARIA PANTELAKIS,**

                            **Relief Defendant.**

1:17-cv-1117 (WHP)

---

### FINAL JUDGMENT AS TO DEFENDANT EMANUEL PANTELAKIS

The Securities and Exchange Commission having filed a Complaint and Defendant Emanuel Pantelakis having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment; and Defendant having admitted the facts set forth in the Consent of Emanuel Pantelakis to Final Judgment and acknowledged that his conduct violated the federal securities laws:

**I.**

### SECTION 17(a) OF THE SECURITIES ACT OF 1933

**IT IS HEREBY FURTHER ORDERED AND ADJUDGED** that Defendant is permanently restrained and enjoined from violating Sections 17(a)(1) and (a)(3) of the Securities

Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)(1) and (a)(3)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly, to:

    (a)    employ any device, scheme, or artifice to defraud; or

    (b)    engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

by, directly or indirectly (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor; about: (A) any investment in or offering of securities, (B) the prospects for success of any product or company, (C) the use of investor funds, or (D) the misappropriation of investor funds or investment proceeds.

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

**SECTION 10(b) OF THE SECURITIES EXCHANGE ACT OF 1934**

**IT IS HEREBY ORDERED AND ADJUDGED** that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rules 10b-5(a) and (c) promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of

interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security, to:

    (a)    employ any device, scheme, or artifice to defraud; or

    (b)    engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

by, directly or indirectly (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor; about: (A) any investment in or offering of securities, (B) the prospects for success of any product or company, (C) the use of investor funds, or (D) the misappropriation of investor funds or investment proceeds.

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### III.

### AIDING AND ABETTING SECTION 15(a)(1) OF THE EXCHANGE ACT

**IT IS HEREBY FURTHER ORDERED AND ADJUDGED** that Defendant is permanently restrained and enjoined from aiding and abetting any violation of Section 15(a)(1) of the Exchange Act [15 U.S.C. § 78o(a)(l)], by knowingly providing substantial assistance to any person or entity who effects transactions in or induces or attempts to induce the purchase or sale of securities when that person or entity is not registered with the Commission as a broker or dealer

or associated with an entity registered with the Commission as a broker-dealer.

**IT IS FURTHER ORDERED AND ADJUDGED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

IV.

**PENNY STOCK BAR**

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is barred, pursuant to Section 20(g) of the Securities Act and Section 21(d)(6) of the Exchange Act, from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1].

V.

**OFFICER AND DIRECTOR BAR**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is barred, pursuant to Section 20(e) of the Securities Act and Section 21(d)(2) of the Exchange Act, from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

VI.

### INCORPORATION OF CONSENT

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consent of Emanuel Pantelakis to Final Judgment is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

### VII.

### RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

### VIII.

### RULE 54(b) CERTIFICATION

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: __April 11__, 2019

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.